FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 SEP 14 P 3: 11

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br> 1350 Massachusetts Avenue <br> Cambridge, MA 02138 and <br><br> E. I. DU PONT DE NEMOURS AND COMPANY, <br> 1007 Market Street <br> Wilmington, DE 19898, <br><br> Plaintiffs, <br> v. <br><br> DAVID J. KAPPOS, <br> in his official capacity as Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, <br> 600 Dulany Street <br> Alexandria, VA 22314, and <br><br> UNITED STATES PATENT AND TRADEMARK OFFICE, <br> 600 Dulany Street <br> Alexandria, VA 223144, <br><br> Defendants. | Civil Action No. 1:12CV1034 <br> AJT/IDD |

## COMPLAINT

Plaintiffs, by their attorneys, for their complaint in this action state as follows:

### NATURE OF ACTION

1. This is an action by the assignee and exclusive licensee of United States Patent No. 5,925,803 ("the '803 Patent") seeking judicial review of final agency action and injunctive

1

and declaratory relief with respect to activities associated with *ex parte* reexamination of the patent.

2. This action arises under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), 1361, 2201; and 5 U.S.C. §§ 701-706.

4. There exists between the parties an actual, justiciable controversy as to which Plaintiffs require a declaration of rights by the Court.

5. Plaintiffs challenge a final agency action.

6. Venue is proper in this district by virtue of 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1) because Defendants David J. Kappos and United States Patent and Trademark Office reside in the Eastern District of Virginia.

7. Venue is proper in this Division pursuant to Local Civil Rule 3(C) because Defendants David J. Kappos and United States Patent and Trademark Office reside in the Alexandria Division.

## PARTIES

8. Plaintiff President and Fellows of Harvard College ("Harvard") is a not-for-profit organization organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business in Cambridge, Massachusetts.

9. Plaintiff E. I. du Pont de Nemours and Company ("DuPont") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Wilmington Delaware.

10. On information and belief, defendant David J. Kappos ("Director") is Undersecretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the examination and issuance of patents.

11. On information and belief, defendant PTO is an agency of the United States, within the Department of Commerce, that is headquartered in Alexandria, Virginia.

## BACKGROUND

12. The '803 Patent issued on July 20, 1999. The '803 Patent is attached as Exhibit A.

13. Plaintiff Harvard is the owner, by assignment, of the '803 Patent.

14. Plaintiff DuPont is the exclusive licensee of the '803 Patent.

15. On April 20, 2010, a third party requested *ex parte* reexamination of the '803 Patent. In the request, the third party alleged that the '803 Patent had expired on the basis of a terminal disclaimer filed—but never actually entered by the PTO—in a parent patent application, and that the issued claims of the '803 Patent (*i.e.*, claims 1-3) were unpatentable on the grounds of nonstatutory obviousness-type double patenting or under 35 U.S.C. § 103(a).

16. On June 7, 2010, the PTO granted the request for *ex parte* reexamination of the '803 Patent. In granting the request, the PTO took the position that the '803 Patent had expired

on April 12, 2005, due to the above-noted terminal disclaimer, and that several of the references cited by the third party raised a substantial new question of patentability.

17. On October 21, 2010, an examiner at the PTO issued a non-final Office Action rejecting claims 1-3 of the '803 Patent. The examiner alleged that the '803 Patent had expired due to operation of the terminal disclaimer, and contended that the claims were unpatentable on the ground of nonstatutory obviousness-type double patenting.

18. Harvard responded to the Office Action on December 21, 2010, by, among other things, adding dependent claims 4-10, arguing against the rejections of claims 1-3, and demonstrating that the '803 Patent had not, in fact, expired.

19. On April 2, 2011, the examiner issued a Notice of Intent to Issue Reexamination Certificate ("NIRC"), in which she withdrew all of the previously entered claim rejections but refused to admit Harvard's proposed amendment to add claims 4-10. The examiner asserted that such an amendment did not comply with 37 C.F.R. § 1.530(j) because the '803 Patent allegedly had expired due to operation of the terminal disclaimer filed—but never actually entered by the PTO—in the parent patent application.

20. 37 C.F.R. § 1.127 provides that a petition will lie to the PTO Director under 37 C.F.R. § 1.181 from the refusal of an examiner to admit an amendment.

21. On May 5, 2011, Harvard filed a Petition Under 37 C.F.R. § 1.181 ("Petition") explaining that there was no legal basis for the examiner's contention that the '803 Patent had expired and, accordingly, no basis for failing to enter and examine claims 4-10. Specifically, the Petition noted that the terminal disclaimer upon which the examiner relied had no legal effect upon the term of the '803 Patent, that the patent itself makes no mention of a terminal disclaimer, that no terminal disclaimer was so much as mentioned during the patent's prosecution, and that

the terminal disclaimer at issue was not even entered in the parent patent application in which it was filed.

22. On June 8, 2011, and June 10, 2011, Harvard submitted Supplemental Filings in support of the Petition.

23. On June 14, 2011, the PTO issued a Reexamination Certificate without comment on the Petition. The Reexamination Certificate confirmed the patentability of the original claims of the '803 Patent.

24. On July 11, 2011, the PTO mailed a Decision on Petition Under 37 C.F.R. 1.181 ("Decision") dismissing the Petition on the grounds that the Petition may have been rendered moot by the issuance of the Reexamination Certificate, that the Petition may have been untimely, that the PTO was not obligated to consider evidence or arguments that were presented in the Petition but not previously before the Examiner, and that the Petition failed to explicitly state how the issuance of the NIRC was not in accordance with PTO policies and procedures.

25. On July 22, 2011, Harvard filed a Request for Reconsideration of a Petition under 37 CFR § 1.181 ("Request for Reconsideration") requesting that the PTO withdraw or vacate the Reexamination Certificate and the NIRC, reopen reexamination of the '803 Patent, and direct that claims 4-10 be entered. The Request for Reconsideration explained (among other things) that the May 5, 2011, Petition had not been rendered moot and was timely, that the PTO was obligated to consider evidence or arguments that were presented in the Petition, and that the '803 Patent has not expired. The Request for Reconsideration also noted as a further ground for the requested relief that the Petition had not been decided by the Director or another individual having the requisite statutory authority.

26. Nearly 11 months later, on June 14, 2012, the PTO issued a Decision on Petition Under 37 C.F.R. 1.181 in which the PTO denied Harvard's Request for Reconsideration with

respect to entry of claims 4-10 and withdrawal of the Reexamination Certificate. The PTO no longer took the position that the Petition had been rendered moot. It also conceded that timeliness concerns did not preclude it from making a "determination of the threshold issue of expiry of the '803 Patent" in connection with its consideration of whether PTO properly refused to enter claims 4-10. On the merits, however, the PTO again concluded that the '803 Patent had expired.

## CLAIM FOR RELIEF

27. The allegations of paragraphs 1-26 are incorporated into this claim for relief as if fully set forth herein.

28. 35 U.S.C. § 305 provides that the patent owner in a reexamination "will be permitted to propose any amendment to his patent and a new claim or claims thereto."

29. 37 C.F.R. § 1.550(b) provides that the patent owner in a reexamination, when responding to a rejection, "may include ... proposed amendments or *new claims*" (emphasis added).

30. Harvard responded to an office action during reexamination of the '803 Patent by, among other things, adding dependent claims 4-10.

31. The PTO, however, refused to enter and examine claims 4-10 because they allegedly did not comply with 37 C.F.R. § 1.530(j), which provides in relevant part, that "no amendment, other than the cancellation of claims, will be incorporated into [a reexamined patent] by a certificate issued after the expiration of the patent." According to the PTO, the '803 Patent had expired.

32. The '803 Patent, however, has not expired. As noted in the Petition, the patent itself does not refer to the terminal disclaimer upon which the examiner relied in erroneously

concluding that the patent had expired, nor does it refer to any other terminal disclaimer. In addition, no terminal disclaimer was so much as mentioned during prosecution of the '803 Patent, and the terminal disclaimer upon which the examiner relied was not even entered in the parent patent application in which it was filed.

33. Because the '803 Patent has not expired, Defendants' failure to enter and examine claims 4-10, and Defendants' issuance of a Reexamination Certificate without examining such claims, were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demand judgment against Defendants and respectfully request that this Court enter Orders:

A. Vacating Defendants' July 11, 2011 Decision.

B. Vacating Defendants' June 14, 2012 Decision on Petition under 37 C.F.R. 1.181.

C. Declaring that Defendants acted arbitrarily, capriciously, and contrary to law, and abused their discretion, in concluding that the '803 Patent has expired and in refusing to enter Defendants proposed amendment to add claims 4-10.

D. Declaring that the '803 Patent has not expired.

E. Directing Defendants to withdraw or vacate the Reexamination Certificate and the NIRC, reopen reexamination of the '803 Patent, and enter and examine claims 4-10 as previously presented; and

F.  Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully submitted,

Date: September 14, 2012

*[signature]*

Charles F. B. McAleer, Jr. (VSB No. 24430)
Miller & Chevalier Chartered
655 15th Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 626-5800
Facsimile: (202)626-5801
Email: cmcaleer@milchev.com

Joseph Lucci
John P. Donohue
James V. Spencer
Woodcock Washburn LLP
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

*Attorneys for Plaintiffs*

1281494.1